IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 13-303 |
| KENNETH TIMMONS, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER OF COURT

Presently before the Court is Defendant Kenneth Timmons' Motion to Terminate Supervised Release, which is opposed by the Government. (Docket Nos. 73, 76). After careful consideration of the parties' positions, Defendant's Motion will be denied.

**I.   BACKGROUND**

On November 19, 2013, Defendant was charged in a nine-count Indictment with drug trafficking and firearm offenses. (Docket No. 1). Following Defendant's guilty plea to charges of conspiracy to distribute and possess with intent to distribute a quantity of crack cocaine, in violation of 21 U.S.C. § 846 (a lesser included offense at Count One), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Nine), the Honorable Gustave Diamond sentenced Defendant on August 11, 2015, to an aggregate term of 90 months' imprisonment followed by a 5-year term of supervised release. (Docket Nos. 38, 39, 64, 65).

After Defendant's release from prison, his term of supervision commenced on May 22, 2020. (*See* Docket No. 69). Defendant's case was reassigned to this member of the Court on May 5, 2021, when the Probation Office filed a Report on Offender Under Supervision advising that Defendant had tested positive for cocaine on March 11, 2021 and March 25, 2021. (*See id.*).

Subsequently, on December 29, 2022, Defendant filed the pending Motion for early termination of supervised release. (*See* Docket No. 73). Defendant submits in his Motion that early termination of supervised release is warranted because he has completed over half of his term of supervision, he has been compliant, he completed a drug and alcohol treatment program, and he would like to relocate to another state to "start over," but supervised release "would put a damper on those plans." (*See id.* ¶¶ 3, 5). On January 13, 2023, the Government filed a Response opposing Defendant's request for early termination of supervised release. (*See* Docket No. 76). As set forth in the Government's Response, the Probation Office takes no position on Defendant's Motion. (*Id.* at 2).

## II.     DISCUSSION

Pursuant to 18 U.S.C. § 3583(e), a sentencing court may terminate a term of supervised release prior to its expiration. In accordance with that provision, after considering the applicable factors set forth in 18 U.S.C. § 3553(a),[1] a court may terminate a defendant's term of supervised release after the expiration of one year of supervision, if the court is satisfied that such action is warranted by the defendant's conduct and the interest of justice. *See* 18 U.S.C. § 3583(e)(1). The court's determination whether early termination of supervised release is warranted by the defendant's conduct and the interest of justice is a discretionary decision. *United States v. Bayard*, 537 F. App'x 41, 42 (3d Cir. 2013).

---

[1] Pursuant to 18 U.S.C. § 3583(e)(1), the applicable § 3553(a) factors are the nature and circumstances of the offense and the defendant's history and characteristics; the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentence and sentencing range established for the defendant's crimes; pertinent policy statements issued by the United States Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7).

In *United States v. Melvin*, 978 F.3d 49 (3d Cir. 2020), the Third Circuit Court of Appeals clarified the standard for the district court to employ when considering whether to exercise its discretion to grant early termination of supervised release. The Third Circuit first explained that § 3583(e)(1) requires a court entertaining a motion for early termination of supervised release to consider the applicable § 3553(a) factors. *Id.* at 52. After considering those factors, the court may provide relief "only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." *Id.* (citing 18 U.S.C. § 3583(e)(1)). To that end, "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* (citation omitted). The Third Circuit further explained that a district court is "not required to make specific findings of fact with respect to each of these factors; rather, a statement that [the district court] has considered the statutory factors is sufficient." *Id.* at 52-53 (internal quotation marks and citation omitted).

Notably, the Third Circuit held in *Melvin* that "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Melvin*, 978 F.3d at 53. In so ruling, the Third Circuit explained that "extraordinary circumstances may be *sufficient* to justify early termination of a term of supervised release, but they are not *necessary* for such termination." *Id.* (emphasis in original) (citing *United States v. Murray*, 692 F.3d 273, 279 (3d Cir. 2012)). As the Court further observed, "*[g]enerally*, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *Id.* (emphasis in original) (internal quotation marks and citation omitted). Nonetheless, it "disavow[ed] any suggestion that new or unforeseen

3

circumstances must be shown." *Id.* To reiterate, a district court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Id.* at 52 (citation omitted).

In view of the standard laid out in *Melvin*, this Court initially considers the pertinent § 3553(a) factors as instructed in § 3583(e)(1) to determine whether early termination of Defendant's supervision is warranted by his conduct and in the interest of justice based on his current circumstances as set forth in his Motion.

The Court first observes that the nature and circumstances of the offenses of conviction – conspiracy to distribute and possess with intent to distribute crack cocaine and possession of a firearm by a convicted felon – are very serious offenses. Trafficking in an addictive, dangerous controlled substance like crack cocaine has the potential to inflict devastating consequences on individuals in the community, and unlawful firearm possession poses a substantial danger to the community which cannot be understated. The seriousness of these offenses is reflected by the significant aggregate sentence of imprisonment Judge Diamond imposed upon Defendant.

As for Defendant's history and characteristics, in addition to the extremely serious criminal conduct involved in this case, he also has an extensive prior criminal history consisting of convictions for firearms offenses, drug trafficking offenses, receiving stolen property, theft by unlawful taking, harassment and disorderly conduct. (*See* Docket No. 62, ¶¶ 25-34). Despite having received several significant sentences of incarceration for his prior criminal conduct, Defendant was not deterred from engaging in the drug trafficking and firearm offenses for which he was convicted in this case.

Moreover, while Defendant claims that he has completed a drug and alcohol treatment program while on supervised release, and that he wishes to relocate to another state to "start over,"

(Docket No. 73, ¶¶ 3, 5), he provides no evidentiary support for those assertions. Defendant's Motion otherwise contains no information concerning his history and characteristics, such as employment or rehabilitative efforts, since his release to supervision which would cause this Court to conclude that he has undertaken efforts to rebuild his life and contribute as a productive, law abiding citizen. *See* 18 U.S.C. § 3553(a)(1). All told, the serious nature of Defendant's crimes and his history and characteristics weigh against the early termination of his supervised release.

The Court also finds that the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of Defendant, and to provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, *see* 18 U.S.C. § 3553(a)(2)(B)-(D), weigh against early termination. As discussed, prior sentences of incarceration did not deter Defendant from engaging in the drug trafficking and firearm offenses for which he was convicted in this case. Consequently, Defendant's own history demonstrates that continued supervision is necessary to protect the public and to ensure that he remains deterred from engaging in criminal activity. Additionally, given Defendant's positive drug tests, (*see* Docket No. 69), ongoing supervision is warranted to address any lingering substance abuse issue with appropriate treatment.

Next, the Court does not believe that consideration of the kinds of sentence and sentencing range established for Defendant's crimes, any pertinent policy statements issued by the United States Sentencing Commission,[2] and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, *see* 18 U.S.C. §§

---

[2] As to this factor, the Court notes that Application Note 5 to U.S.S.G. § 5D1.2, which addresses early termination and extension of supervised release, recognizes that a court has authority to terminate or extend a term of supervised release and encourages the court to exercise this authority in appropriate cases. For reasons discussed herein, the Court does not find that this is an appropriate case in which to exercise its authority to terminate Defendant's supervised release early.

3553(a)(4), (a)(5) and (a)(6), are particularly relevant here.  Nonetheless, the Court notes that the applicable advisory guideline range for a term of supervised release was, and remains, at least 3 years at Count One, and at least 2 years but more than 5 years at Count Nine.  (*See* Docket No. 62, ¶ 77; U.S.S.G. §§ 5D1.2(a)(1), 5D1.2(c)).  In this Court's estimation, the 5-year aggregate term of supervised release imposed by Judge Diamond remains appropriate, and there is no evidence that this factor warrants early termination of supervised release.  Likewise, "[t]here is no evidence that [Defendant's] term of supervised release should be terminated to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." *United States v. Welling*, Crim. No. 20-167, 2021 WL 409834, at *4 (W.D. Pa. Feb. 5, 2021).  Finally, the need to provide restitution to any victims of the offense, *see* 18 U.S.C. § 3553(a)(7), is inapplicable in this case.

Having considered the § 3553(a) factors, the Court concludes that early termination of supervised release is not warranted by Defendant's conduct and it is not in the interest of justice. *See Melvin*, 978 F.3d at 52 (citing 18 U.S.C. § 3583(e)(1)).  Despite Defendant claiming that he has been compliant with the terms of his supervised release, that assertion is not entirely accurate as shown by the Probation Office's report of Defendant's positive drug tests.  (*See* Docket No. 69). Furthermore, even if Defendant had been completely compliant to this point, the Court observes that "[c]ompliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release." *Welling*, 2021 WL 409834, at *4 (emphasis in original) (citations omitted).  Overall, considering the foregoing § 3553(a) analysis, especially the serious nature of Defendant's offenses, the need to deter criminal conduct, and the need to protect the public, the interest of justice is best served by Defendant completing his term of supervised release.

Finally, in analyzing whether early termination of supervision is warranted, the Court is cognizant that "the primary purpose of supervised release is to facilitate the reentry of offenders into their communities, rather than to inflict punishment." *Murray*, 692 F.3d at 280. Here, Defendant does not contend that the terms of his supervised release are somehow impeding his reentry into his community or merely inflicting punishment on him. In this Court's estimation, the 5-year term of supervised release is not greater than necessary to achieve the § 3553(a) sentencing goals and it is not contrary to the interest of justice.

### III. CONCLUSION

After considering the specified factors set forth in 18 U.S.C. § 3553(a), the Court finds that early termination of Defendant's term of supervised release is not warranted by his conduct and it is not in the interest of justice. Accordingly, the Court will deny Defendant's Motion for early termination of his supervision.

An appropriate order follows.

### ORDER OF COURT

AND NOW, this 7th day of February, 2023, for the reasons set forth in the Memorandum above, IT IS HEREBY ORDERED that Defendant's Motion to Terminate Supervised Release (Docket No. 73) is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

United States Probation Office